UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-06291-JMS-DFM** | Date | October 30, 2026 |
| Title | ***L.V. F.-P. v. Mullin, et al.*** | Page | 1 of 2 |

| | |
|---|---|
| Present: The Honorable | J. Michael Seabright, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Derek Davis | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER**

On October 23, 2026, Petitioner L.V. F.-P. ("Petitioner") filed an Ex Parte Application for Temporary Restraining Order ("Ex Parte Motion for TRO"), *see* ECF No. 3, along with a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), *see* ECF No. 1. The Ex Parte Motion for TRO asks the court to, among other relief,

> (1) Order[] Respondents to immediately release Petitioner from custody under conditions of supervision no more restrictive than those in place before his February 24, 2026 detention; or, in the alternative, order[] Respondents to provide Petitioner, within seven (7) days, a constitutionally adequate bond hearing before a neutral Immigration Judge as which DHS bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger and at which alternatives to detention are considered; [and]
>
> (2) Pending release, order[] Respondents to immediately remove Petitioner from solitary confinement (administrative or disciplinary segregation) and refrain from returning him to it absent a documented, non-retaliatory justification served on Petitioner's counsel . . . .

ECF No. 3 at Page ID #:80–81.

The Ex Parte Motion for TRO is DENIED. Central District of California General Order No. 26-05 already sets an accelerated briefing schedule and process for petitions under § 2241 seeking the type of immigration-related relief sought here. Under that General Order, Respondents' answer to the Petition is due "no later than 7 days from [October 23, 2026]" and any reply is due three days thereafter. ECF No. 5 at Page ID #:137. Further, the General Order requires the government to provide Petitioner "at least two court days' notice" if it intends to remove Petitioner from the Central District of California. *Id.* Section 3 of that General Order

provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *Id.* at Page ID #:140.

Here, the Ex Parte Motion for TRO does not adequately explain how the harm alleged by Petitioner cannot be addressed by the schedule and process already provided in General Order 26-05. *Cf. Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (explaining that a moving party must show why it "should be allowed to go to the head of the line" to establish why relief "cannot be calendared in the usual manner"). Moreover, there is some question whether the relief sought regarding conditions of confinement is proper in a § 2241 petition. *See, e.g.*, *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023); *Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024); *Martin v. Mullin*, 2026 WL 2548589 (C.D. Cal. Aug. 27, 2026).

Given the expedited briefing schedule for the Petition itself and notice requirement prior to removal from this District, the court is not convinced that emergency relief in the form of a TRO is necessary. Considering these factors, as well as a review of the Ex Parte Motion for TRO itself, the court concludes that Petitioner is not entitled to the requested preliminary relief at this time. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding, among other requirements, that the petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief").

Accordingly, Petitioner's Ex Parte Motion for TRO, ECF No. 3, is DENIED. As provided in the General Orders 05-07 and 26-05, proceedings on the merits of the underlying Petition will CONTINUE in the normal course initially before the Magistrate Judge assigned to this case.